IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER ALLEN DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-00868 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| MARGARET FRANCES SAGI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Christopher Duncan, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. Plaintiff has also filed an application to proceed in forma pauperis (IFP).

The case is before the Court for ruling on Plaintiff's IFP application and for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I.     LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege: (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

II. ALLEGATIONS AND CLAIMS

Plaintiff claims that his constitutional rights were violated during, and as a result of, his criminal trial in Cheatham County, Tennessee, "[w]here state officials knowingly intentionally and maliciously allowed a criminal proceeding to proceed where the petitioner Christopher Duncan's arrest was illegal and unsupported by probable cause." (Doc. Nos. 1 at 3, 5.) He further claims that his prosecution depended on a search of his cell phone records that was not supported by probable cause, that defense counsel's efforts to suppress the seized evidence were constitutionally ineffective, and that his conviction and lengthy sentence are therefore unjust. (*Id.* at 5–6.) As relief, he seeks immediate release from custody and expungement of his criminal record, compensation for lost wages during his incarceration, and damages for his emotional injuries. (*Id.* at 7.)

III. ANALYSIS

In this action under § 1983, Plaintiff seeks immediate release from incarceration and monetary damages based on his allegedly unjust prosecution, conviction, and sentence. As explained below, he is not entitled to pursue such relief in this action.

Explicit challenges to the validity of an inmate's confinement, as distinguished from the "circumstances" or conditions of confinement, are not properly lodged under § 1983 but are within the sole province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Plaintiff's request for release and expungement of a conviction that allegedly rests on unlawfully admitted evidence is an explicit challenge to his conviction that is not properly pursued under § 1983.

Moreover, where (as here) a prisoner implicitly challenges the validity of his confinement by claiming, *e.g.*, unlawful prosecution and seeking relief that is proper under § 1983 but "unavailable in habeas, notably damages," *id.* at 751,, "that claim cannot be pursued unless and until the prisoner succeeds in having his conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or . . . called into question by a federal court's issuance of a writ of habeas corpus." *Gardner v. Morriss*, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24, 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994));[2] *see Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (applying *Heck*'s favorable

---

[2] Here is the full quote from the Supreme Court from the relevant portion of *Heck:*

> [I]in order to recover for damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87.

termination rule in § 1983 action for malicious prosecution). The Complaint before the Court does not reflect Plaintiff's success in the pursuit of such remedies. Rather, it reveals that his previous § 1983 filing in this Court, *Duncan v. Lamping, et al.*, No. 3:17-cv-00022 (M.D. Tenn.) (Crenshaw, C. J.)—which he filed after his arrest but before his criminal trial, claiming false arrest, unlawful search, and excessive bail—remains stayed during his ongoing efforts to win relief from his conviction in state court.[3] (*See* Doc. No. 1 at 21–24, 25.) The Complaint thus fails to state a viable claim to relief under § 1983 and must be dismissed.

## CONCLUSION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] The Court takes judicial notice of the record of proceedings in Cheatham County Criminal Court, https://cheatham.tncrtinfo.com/crCaseForm.aspx?id=1B850595-C1DB-470A-BE15-8F02637112AB (last visited Oct. 16, 2023), which confirms that Plaintiff had a pending post-conviction action in that court when he filed the instant Complaint. The state-court record further reflects that Plaintiff's post-conviction case was "disposed" on October 12, 2023, but does not show that the disposition was favorable to Plaintiff. *See United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (taking judicial notice pursuant to Fed. R. Evid. 201(b) of adjudicative facts from record of state court criminal proceedings).